IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CRIMSON YACHTS, etc., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 08-0334-WS-C |
| ) | |
| M/Y BETTY LYN II, etc., et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This matter is before the Court on the defendant's motion to file a counterclaim and a third-party complaint. (Doc. 43). The defendant's motion seeks to raise counterclaims and third-party claims which the defendant has already raised in a state lawsuit.[1] The Court, noting the defendant's failure to address the propriety of a federal court allowing an amendment to pursue claims previously asserted in state court, ordered additional briefing. (Doc. 59). The defendant complied, (Doc. 61), and the plaintiff declined to respond.

The plaintiff herein, which owns a ship repair yard, entered a contract with the defendant to repair the defendant's yacht ("the Vessel"). It filed suit in June 2008 to recover unpaid repair costs. In April 2008, the defendant herein sued the plaintiff and two of its principals, along with two others, in Texas state court. The Texas lawsuit alleges that the plaintiff herein breached the repair contract and demands an accounting. The lawsuit also alleges that the plaintiff and its principals engaged in fraud with respect to repair of the Vessel. (Doc. 43, Exhibit 1). These claims plainly arise out of the same transaction or occurrence as the pending action.

The motion for leave to amend was filed by the deadline established by the Rule

---

[1] The Vessel has been dismissed as a defendant for want of a maritime lien. (Doc. 45).

16(b) scheduling order, (Doc. 39 at 2, ¶ 4), so that amendment may be granted as long as Rule 15(a) is satisfied. Such amendment is permitted "only by leave of court," but "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Thus, leave should be given "[i]n the absence of any apparent or declared reason — such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *McKinley v. Kaplan*, 177 F.3d 1253, 1258 (11th Cir.1999) (internal quotes omitted). The plaintiff identifies, and the Court detects the presence of, none of these reasons for denying leave to amend. However, the Court concludes that the comity concerns underlying abstention doctrine could provide grounds to deny leave to amend. *See Sarfaty v. Nowak*, 369 F.2d 256, 259 (7th Cir. 1966). The Court therefore turns to a consideration of those principles.

Generally speaking, "as between state and federal courts, the rule is that pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *Ambrosia Coal and Construction Co. v. Pages Morales*, 368 F.3d 1320, 1328 (11th Cir. 2004) (citation omitted); *see also Wexler v. Lepore*, 385 F.3d 1336, 1341 (11th Cir. 2004) ("exercise of jurisdiction by the district court merely preserves the federal forum for federal claims raised by plaintiffs in a federal proceeding, although a similar state action was also filed"). Indeed, the Eleventh Circuit has emphasized federal courts' "virtually unflagging obligation ... to exercise the jurisdiction given them" and has stressed that "[a] policy permitting federal courts to yield jurisdiction to state courts cavalierly would betray this obligation." *Ambrosia Coal*, 368 F.3d at 1328 (citing *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976)). On that basis, the law of this Circuit is that "federal courts can abstain to avoid duplicative litigation with state courts only in exceptional circumstances" such as those warranting *Colorado River* abstention. *Id.*

The *Colorado River* doctrine authorizes a federal district court to dismiss or stay

an action where there is an ongoing parallel action in state court, but only under "exceptional circumstances." *Moorer v. Demopolis Waterworks and Sewer Board*, 374 F.3d 994, 997 (11th Cir. 2004); *see also Ambrosia Coal*, 368 F.3d at 1328. Indeed, the Supreme Court has framed this doctrine as an "extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it." *Colorado River*, 424 U.S. at 813. In applying *Colorado River*, the Court is mindful of the admonition that "[o]nly the clearest of justifications will warrant dismissal of the federal action" under that doctrine. *Ambrosia Coal*, 368 F.3d at 1329 (citation omitted).

The Eleventh Circuit has identified six factors to be considered in assessing whether *Colorado River* abstention is proper, to-wit: (i) whether any court has assumed jurisdiction over property, (ii) the relative inconvenience of the fora, (iii) the potential for piecemeal litigation, (iv) the temporal order in which each forum obtained jurisdiction, (v) whether state or federal law governs, and (vi) whether the state court is adequate to protect the parties' rights. *See Ambrosia Coal*, 368 F.3d at 1331. This Court "must weigh these factors with a heavy bias in favor of exercising jurisdiction." *TranSouth Financial Corp. v. Bell*, 149 F.3d 1292, 1295 (11th Cir. 1998). No one factor is necessarily dispositive; rather, "the factors must be considered flexibly and pragmatically, not as a mechanical checklist." *Ambrosia Coal*, 368 F.3d at 1332. "One factor alone can be the sole motivating reason for the abstention." *Moorer*, 374 F.3d at 997.

A review of these factors confirms that the Court should not abstain from hearing the defendant's counterclaims and third-party claims. First, there is no res before the Texas court; the only res is the Vessel, which was but is no longer a party to this action. Second, the plaintiff is a resident of Mobile County, its two principals work here,[2] and the defendant has been sued here and desires to litigate here, so this forum cannot be less convenient than one in Houston. The third factor "does not favor abstention unless the

---

[2] Travis Short resides in Moss Point, Mississipi, (Doc. 28, Short Affidavit at 2), a short drive from Mobile. The residence of Ben Forrest is not disclosed by the record.

circumstances enveloping those cases will likely lead to piecemeal litigation that is abnormally excessive or deleterious." *Ambrosia Coal*, 368 F.3d at 1333. Allowing the defendant to pursue its claims here will not increase piecemeal litigation and may affirmatively reduce it, as it will bring all the parties together in one lawsuit.[3]

Fourth, although the Texas action was filed first, the temporal inquiry looks to "how much progress has been made in the two actions." *Ambrosia Coal*, 368 F.3d at 1333 (citation omitted). The Texas has gone essentially nowhere in over a year, with the plaintiff herein and its principals challenging personal jurisdiction and the Texas court yet to issue a ruling on this threshold point. (Doc. 61 at 4). Because the parties have filed a joint motion to continue the case indefinitely but for at least three months, (*id*. at 4-5), the Texas case will not advance in the near future. This case, in contrast, is well into discovery and is on track for trial.

The fifth factor nominally supports abstention, since the defendant alleges only state-law claims. However, "the application of [state] law alone in a federal diversity case did not favor Colorado River abstention where no complex questions of state law were at issue." *Ambrosia Coal*, 368 F.3d at 1334 (internal quotes omitted) (explaining *Noonan South, Inc. v. County of Volusia*, 841 F.2d 380, 382 (11th Cir. 1988)). No complex questions of state law have been made known to the Court.

The sixth and final factor concerns whether the state court is adequate to protect the parties' rights. As the Eleventh Circuit has explained, however, "[t]his factor will only weigh in favor or against abstention when one of the fora is inadequate to protect a party's rights." *Ambrosia Coal*, 368 F.3d at 1334. There is no basis in the record for

---

[3]The defendant presumably will dismiss its redundant Texas claims against the plaintiff and its principals, leaving that case to proceed only against a Texas yard that performed earlier repairs and against a Mississippi yacht design concern that was sued only to the extent the plaintiff herein asserts the designer is responsible for the plaintiff's failure to perform. (Doc. 43, Exhibit 1 at 3). Indeed, the parties to the Texas action have moved to continue that case indefinitely. (Doc. 61 at 4-5).

concluding that either this Court or the Texas court will prove inadequate to safeguard the respective parties' rights; therefore, this factor is neutral on the abstention question.

Because it was timely filed and is not due to be denied on grounds of abstention, the defendant's motion to file a counterclaim and third-party complaint is **granted**. The defendant is **ordered** to file these pleadings on or before **June 9, 2009**, to serve them on the plaintiff on or before June 9, and to immediately pursue service on the third-party defendants.

DONE and ORDERED this 2nd day of June, 2009.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE