# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| CRIMSON YACHTS, etc., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 08-0334-WS-C |
| | ) |
| M/Y BETTY LYN II, etc., et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter is before the Court on the motion of BLyn II Holding, LLC ("BLyn") to strike. (Doc. 150). The plaintiff and third-party defendants declined the opportunity to respond, (Doc. 152), and the motion is ripe for resolution.

The deadline for moving for leave to amend the pleadings was September 11, 2009. (Doc. 86 at 2). The plaintiff answered BLyn's counterclaim in July 2009, and the third-party defendants answered the third-party complaint the same month. (Docs. 77, 78). BLyn moved for leave to amend its counterclaim and third-party complaint on September 11, 2009, (Doc. 92), which motion was granted. (Doc. 97). BLyn filed its amended pleadings on October 2, 2009. (Docs. 98, 99). The plaintiff and third-party defendants never responded, until June 23, 2010. (Docs. 146, 147). The motion to strike followed.

When, as in this case, the time for amendment as of right has passed, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The plaintiff and third-party defendants have filed no motion for leave to file pleadings out of time, and that omission alone requires the grant of BLyn's motion.

Moreover, even had such a motion been filed, the amended pleadings were filed after the deadline imposed by the Rule 16(b) scheduling order, and such "[a] schedule

shall not be modified except upon a showing of good cause." Fed. R. Civ. P. 16(b); *accord Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998). Accordingly, the plaintiff and third-party defendants must first show good cause for their failure to comply with the scheduling order. *Id*. at 1419 ("[B]ecause Sosa's motion to amend was filed after the scheduling order's deadline, she must first demonstrate good cause under Rule 16(b) before we will consider whether amendment is proper under Rule 15(a)."). "This good cause standard precludes modification unless the schedule could not 'be met despite the diligence of the party seeking the extension.'" *Id*. at 1418 (quoting Fed. R. Civ. P. 16 advisory committee notes). The plaintiff and third-party defendants have not addressed this standard and have thus necessarily failed to satisfy it.

For the reasons set forth above, BLyn's motion to strike is **granted**. The amended pleadings, (Docs. 146, 147), are **stricken**.

DONE and ORDERED this 6th day of July, 2010.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE